NO. 8453

COURT OF APPEAL

PARISH OF ORLEANS

----

WINFIELD GAUCHE

versus

GEORGE K. FORCE.

--------

--------

Court of Appeal
PARISH OF ORLEANS
FILED Nov 27-22
J. A. Stansbury

8453

'60

Dinkelspiel, J.

Plaintiff institutes this suit against the defendant alleging that on July 8th, 1921, defendant rented from plaintiff by verbal lease, the premises known as apartment No. 2 of the Prytania Apartments, at the rate of One Hundred and Twenty Five Dollars per month, payable in advance, for two months, beginning August 1st, 1921, and that notwithstanding amicable demand that rent for the two months had not been paid; prayed for judgment for the sum of Two Hundred and Fifty Dollars with legal interest from judicial demand until paid.

It is admitted that there was an error in the petition and that the amount due the plaintiff was $200.00 instead of $250.00 as claimed by him in his petition.

The answer after pleading the general issue admits that there was a verbal discussion as to the leasing of the premises named, but avers that the lease was conditioned on plaintiff's securing the consent of his prior lessee and when such consent was had the lease was to be reduced to writing and signed, and no written contract having been presented defendant denies that any contract of lease was entered into either verbally or in writing, hence prays for dismissal of this suit and for judgment in his favor.

The evidence of plaintiff is positive. Quoting from his testimony: "I had advertised the apartment for rent as the people who were occupying it were to leave for Texas, and they asked me to advertise it for rent. Mr. Force answered the advertisement and visited the apartment, the janitor showed him the apartment; the next day his wife visited the apartment and she left, telling the janitor she would phone to me her answer the next day; on the third day she phoned and said she would take the apartment."

He testifies substantially that prior to this he had rented the place to Mr. Josey for the sum of One Hundred

61

and Twenty Five Dollars a month; that Josey had left the apartment and permitted plaintiff to advertise the apartment for rent, subsequently paying to the landlord, the difference, twenty five dollars, between the amount of his contract of lease and the amount defendant was to pay, in other words he was to receive one hundred dollars a month from the defendant, the former tenant having paid him the difference; he psoitively states in his testimony that kxxxxxxxt there was to be no written lease and that the wife of the defendant accepted the premises after visiting it with her husband and notified the janitor and the maid kkxx that they were perfectly satisfied with the apartment and would take same as agreed on, on the first of August.

The janitor, Scott Simmons testifies that defendant and his wife called at the apartment and both liked it; subsequently the wife who had the entire say in this transaction visited the apartment, was delighted with it and asked this witness whether or not he could have the apartment ready for use on the first of August; on his affirmative assurance of that fact he swears that the apartment was rented to the defendant; he further says in his testimony that the apartment was ready on the day stated, that he notified plaintiff of this fact and the defendant not occupying it at the time specified he again notified plaintiff of that fact.

The witness, Elizabeth Mason, who is the housekeeper for plaintiff substantially testifies that she got this apartment ready as requested by defendant's wife, on the first day of August, just as the lady had requested her to do and that defendants, who from her testimony were delighted with the apartment did not come to occupy same at the time stated.

This substantially is the testimony of plaintiff.

The testimony of defendant and his wife acknowledge that they visited the apartment in question, perfectly satisfied with them and defendant referred plaintiff to his wife,

who had entire charge of the transaction ~~continuing~~ so far as he was concerned.

The testimony of Mrs. Force:

Q. What did Mr. Gauche ask when he phoned at the house?

A. He said he had talked with Mr. Force and wanted to know if we wanted the apartment, and Mr. Force told him that we would take it if it was all right to me.

Q. What did you say?

A. I told him all right.

Q. What did Mr. Gauche say in reply to that?

A. He said he would bring the contract to the office for Mr. Force to sign.

Testifying further in reference to the prior lease, she ~~says~~ testifies that plaintiff said that he had talked or communicated with the man that had leased the apartment and that he said that the man did not know anything about it, that he had/~~xxxxxx~~ referred him to his wife.

Subsequently in her testimony after the conversation with plaintiff through the phone and after August 1st, plaintiff called up wanting to know whether defendant would take the apartment or not and she answered that they had ~~xxxxxx~~ written him a letter, and he said that he had not re-ceived any letter.

Q. Would you have taken the apartment had Mr. Gauche produced his contract for signature as he promised to do and advised you he had the consent of the present tenant?

A. Yes sir.

Q. What happened, Mrs. Force, on your visit to the premises about the third day ~~afxx~~ after you and Mr. Force had first gone there? ~~Xxxx~~ I understood you to say you went to ~~the~~ see the apartment.

A. I did.

Q. Who was present that day?

A. Mr. Gauche, the janitor and the housekeeper.

Q. Did you like the apartment?

A. Yes sir.

Q. Did you make any statement to the janitor, Mr. Gauche or to anyone about being ready to move in the apartment?

A. Xx No sir.

Q. None at all?

A. No sir, I had already told Mr. Gauche over the phone that we were going to take the apartment.

The question presented for our decision is whether or not there was a verbal contract of lease for the premises in question, for the months of August and September 1921, at the rate of One Hundred Dollars per month, or whether there was to be a written lease, and further whether or not plaintiff had the consent of his prior tenant to let these premises . The matters are all questions of fact and from the testimony of plaintiff and the defendant we are convinced that the contract in question to lease the premises for the months stated at the price stated, was accepted by the defendant's wife, under the authority given her by the defendant. We are satisfied further from reading this record that there was no intention for having a written lease for these two months; it may have been defendant's idea, but the testimony convinces us that they were in error in this particular respect. In addition to this there is a further reason in our opinion why plaintiff's position must be horrect, because he had a tenant who was paying him at the rate of One Hundred and Twenty Five Dollars a month and who had left the premises, giving the plaintiff in this case the right to xxx re-lease as best he could for the months of August and September. Doubtless on this request he advertised this property for rent, defendant and his wife in answer doubtless to the advertisement in question called on plaintiff, visited the apartment, were both satisfied with it and were to have occupied it and gave orders to the janitor and the maid to have it ready on the first of August; we are satisfied that the minds of all parties interested ~~~~~~~~~~~~~~~~ concurred and the matter ended between the

on this verbal contract, and plaintiff having received from his
former tenant/in full settlement under the lease which still
the difference
had two months or so to run, and believing that the defendants
would occupy the apartment at the time stated, gave up his
former tenant and his contract of lease and rented to the
defendants, the apartment in question at the price stated.

Civil Code Art. 1811 provides: That Contracts and
acceptance
xxxxxxxx thereof either may be expressed or implied; implied
when it is manifested by actions, even by silence or by in-
action, in cases in which they can from circumstances be supposed
to mean, or by legal presumption are directed to be considered
as evidence of an assent.

For the reasons assigned, it is ordered, adjudged and
decreed that the judgment of the Court aquo be and the same is
hereby affirmed, defendant to pay costs of both Courts.

-Judgment affirmed-